THOMAS J. QUALEY, Plaintiff, *v.* FRANCES QUALEY, Defendant.
Supreme Court, Special Term, New York County, March 28, 1950.

*Brand, Weber & Brand* for plaintiff.

*Irving Mendelson*, special guardian for infant.

EDER, J. Plaintiff sues his wife for an absolute divorce. The complaint alleges that on or about June 16, 1945, plaintiff left defendant and has since said date and up to the present time lived separate and apart from defendant and has not since said date cohabited with her.

It is further alleged that in or about April, 1946, the defendant committed adultery with the corespondent named in the complaint and that she was then living in adulterous intercourse with said corespondent at places unknown to plaintiff; that as a result of such adulterous intercourse defendant gave birth to a child on or about January 25, 1947, and a decree of absolute divorce is prayed for.

It is thus seen that defendant gave birth to the child approximately nineteen months after the separation of the parties.

Plaintiff contends he is not the father of the child. The defendant is not contesting this action and it is assumed she does not deny this allegation.

Plaintiff seeks an order, under the provisions of section 306-a of the Civil Practice Act, entitled *" Blood grouping tests,"*

directing that plaintiff, the defendant and said child of defendant submit to one or more blood grouping tests, the specimens for the purpose to be collected and the tests to be made by duly qualified physicians and under such restrictions and directions as to the court may seem proper, for the purpose of establishing that plaintiff is not the father of said child; that since plaintiff is not competent to testify in regard to the question of nonaccess and of the adultery of the defendant, it is important that he be afforded the aid provided by section 306-a.

The special guardian for the infant herein states that he has no recommendation to make as to whether the order requiring the infant to submit to such blood grouping test should be made.

Section 306-a, so far as here material, provides: " Whenever it shall be relevant to the prosecution or defense of an action, or wherever it shall be relevant to any proceeding pending in a court of competent jurisdiction, the court, by order, shall direct any party to the action or proceeding, and the child of any such party and the person involved in the controversy to submit to one or more blood grouping tests, the specimens for the purpose to be collected and the tests to be made by duly qualified physicians and under such restrictions and directions, as to the court or judge shall seem proper."

The application is apparently unopposed, as mentioned. Nonetheless it does not follow that it is to be granted as of course.

The first thought was whether this court was empowered to direct a blood grouping test under section 306-a in an action for a divorce where the legitimacy of a child born during wedlock is questioned. In *Kwartler* v. *Kwartler* (291 N. Y. 689) the court, upon a certified question, held such power resided in this court, no opinion being written.

While plaintiff's cause of action may be established by proof of the commission of adultery by the defendant, without going into the question of paternity as far as plaintiff is concerned, it is perhaps best that that issue be also determined in this action.

A disposition of that issue will, most likely, avoid subsequent future controversy of the issue of paternity, a situation not impossible, and I feel that the interests of justice will be best subserved by an adjudication of the matter of paternity in this action.

While not necessarily essential, a blood grouping test is relevant to the prosecution of this action and after a consideration of the factors to which reference has been made, the application is granted. Settle order.